UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ROBERT CHAPMAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | Case No.   2:25-cv-2125-DAD-JDP (P)<br><br><br>ORDER; FINDINGS AND<br>RECOMMENDATIONS |

Petitioner Joseph Robert Chapman, a state prisoner, brought this section 2254 action raising eight claims and attacking a 2022 conviction.  ECF No. 1 at 1, 30-36.  Respondent has filed a motion to dismiss, arguing that seven of petitioner's claims (numbers two through eight) are untimely under the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  ECF No. 25.  Petitioner has filed an opposition, ECF No. 31, and respondent has filed a reply, ECF No. 32.  I agree with respondent's argument and recommend that the seven claims identified in the motion be dismissed as untimely.  Additionally, I will deny petitioner's motions for discovery, appointment of counsel, to expand the record, and for evidentiary hearings.  ECF Nos. 21, 22, 23, & 24.

1

Motion to Dismiss

No habeas rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however. *See O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1991). Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

State prisoners seeking federal habeas review are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Here, petitioner was sentenced by the trial court on May 26, 2022. ECF No. 25-2. He appealed and, on October 31, 2023, the state court of appeal affirmed the judgment on direct appeal. ECF No. 25-3 at 2. Petitioner filed a petition for review with the California Supreme Court on November 27, 2023. ECF No. 25-4 at 16. The California Supreme Court denied the petition on January 10, 2024. ECF No. 25-5.

Aside from his direct appeal, petitioner also filed four collateral challenges in state court. The first was filed on November 2, 2023, in the state superior court and sought only appointment of counsel pursuant to California Penal Code 1405(b)(1). ECF No. 25-6 at 3. It was dismissed by that court on November 13, 2023, in favor of appointment of counsel for the purpose of investigating the appropriateness of DNA testing in petitioner's case. ECF Nos 25-7. The second state petition was also filed with the state superior court on January 7, 2025,[1] and denied on March 4, 2025. ECF No. 25-8 & 26-1 at 1. The third state petition was filed on April 22, 2025, with the state appellate court, ECF No. 27 at 1, and denied on May 8, 2025, ECF No. 28 at 1. The fourth and final state habeas petition was filed with the California Supreme Court on May 20, 2025, ECF No. 30 at 1, 15, and denied on September 24, 2025, ECF No. 25-9.

---

[1] Some of the dates advanced by respondent for the filing of these collateral attacks are earlier than the dates of filing reflected on the documents themselves, because they are giving petitioner the benefit of the mailbox rule. ECF No. 25 at 2 n.2.

The instant federal petition was filed, with the benefit of the mailbox rule, on July 22, 2025.  ECF No. 1 at 6.

Respondent argues that direct appeal culminated on April 9, 2024, ninety days after the California Supreme Court denied the petition for review and the time for filing a petition for writ of certiorari with the United States Supreme Court expired.  ECF No. 25 at 3.  The one-year limitations period began the following day, and, thus, under AEDPA's one-year statute of limitations, petitioner had until April 9, 2025, to file his federal petition, absent any statutory tolling.

The first state petition was dismissed on November 13, 2023, and, thus, as respondent notes, does not inform the tolling analysis.  I also note that other courts in this district have found that motions for DNA testing under California Penal Code section 1405, that the superior court granted petitioner, do not toll the statute of limitations.  *See Burton v. Runnels*, No. CIV S-02-0675 LKK PAN (JFM) P, 2006 U.S. Dist. LEXIS 34014, *16 n.12 (E.D. Cal. Apr. 20, 2006) ("[O]n December 11, 2002, petitioner filed a motion for DNA testing pursuant to Cal. Pen. Code § 1405 in the California Superior Court. . . .This motion did not toll the statute of limitations."), adopted at *Burton v. Runnels*, No. CIV S-02-0675 LKK PAN, 2006 U.S. Dist. LEXIS 71216 (E.D. Cal. Sept. 29, 2006).

The second state petition was filed on January 7, 2025, and denied on March 4, 2025, in a decision that found that the claims at issue here, numbers two through eight, were successive insofar as petitioner had already filed a state habeas petition (the one dated November 2023) and failed to present these claims.  ECF No. 25-8 at 3.  Petitioner was not entitled to tolling for those claims deemed to be successive and, thus, improperly filed under state law.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 414-15 (2005); *see also Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("For tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition.").

The last two state petitions, filed April 22, 2025, and May 20, 2025, respectively, do not toll the statute of limitations, because they were filed after it had expired on April 9, 2025. Accordingly, I find that claims two through eight, found at ECF No. 1 at 31-36, all of which

relate to the alleged ineffectiveness of counsel, are untimely and should be dismissed.  In so concluding, I have reviewed petitioner's opposition and find that it provides no meaningful refutation of respondent's arguments.  The opposition does argue that all of petitioner's claims should be considered because he is "actually innocent," but he has failed to make that extraordinary showing.  Doing so that requires that he demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  Petitioner has not made such a showing.

Petitioner's Motions

Petitioner has filed four motions seeking appointment of counsel, expansion of the record, discovery, and evidentiary hearings.  ECF Nos. 21, 22, 23, & 24.  All of these are denied. Petitioner is not entitled to counsel in this action.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further"); *see also McCleskey v. Zant*, 499 U.S. 467, 495 (1991).  Neither is there yet any cause for hearings, discovery, or expansion of the record.  Once the district judge rules on these findings and recommendations, I will consider whether these are warranted.

It is ORDERED that petitioner's motions at ECF Nos. 21, 22, 23, & 24 are DENIED.

Further, it is RECOMMENDED that respondent's motion to dismiss, ECF No. 25, be GRANTED and claims two through eight of the instant habeas petition, found at ECF No. 1 at 31-36, be DISMISSED as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4

IT IS SO ORDERED.


Dated:     April 23, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE