UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ROBERT CHAPMAN,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 2:25-cv-2125 DAD-JDP HC<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITIONER'S CLAIMS 2 THROUGH 8 AS TIME-BARRED, AND DENYING MOTION FOR CERTIFICATE OF APPEALABILITY</u><br><br>(Doc. Nos. 25, 33, 35) |

Petitioner Joseph Robert Chapman is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On April 23, 2026, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss petitioner's ineffective assistance of counsel claims (claims two through eight) of his pending petition be granted and that those claims be dismissed as time-barred under the applicable AEDPA statute of limitations. (Doc. No. 33 at 2–4.) Specifically, the magistrate judge concluded that respondent's were correct in arguing that the governing one-year statute of limitations as to petitioner's claims two through eight ran on April 9, 2025, but that his pending federal petition asserting those claims was not filed until over three

months later, on July 22, 2025. (*Id.*) The magistrate judge also found that petitioner was not entitled to tolling of the applicable statute of limitations as to these claims based upon any of his state court petitions and that he had not made the showing required to come within the actual innocence exception. (*Id*. 3–4.)

The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 4.) On May 6, 2026, the court received petitioner's objections. (Doc. No. 34.) In those lengthy objections, petitioner in large part argues that the California courts erred in denying his second state petition filed on January 7, 2025, as successive with respect to his ineffective assistance of counsel claims (two through eight of the pending federal petition). *(Id.* at 5–9.) However, petitioner offers no authority is support of his suggestion that this federal habeas court should find those claims timely filed under the AEDPA when the state court denied relief as to those claims as successive at a time when they could still have been filed before this court within the AEDPA statute of limitations. Petitioner also appears to erroneously object with respect to his prosecutorial misconduct claim (claim one) (*id*. at 10), when that claim was not the subject of either the pending motion to dismissing or the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Finally, the court notes that petitioner has filed an application for the issuance of a certificate of appealability. (Doc. No. 35.) That application is premature and will therefore be denied. As noted above, petitioner's claim one was not the subject of respondent's pending motion to dismiss. Therefore, this action proceeds as to petitioner's claim one and no judgment denying the pending petition will be entered as to that claim at this time.

Accordingly,

1. The findings and recommendations issued on April 23, 2026 (Doc. No. 33) are ADOPTED in full;

2. Respondent's motion to dismiss (Doc. No. 25) petitioner's claims two through eight asserted in the pending petition for writ of habeas corpus is granted and those claims are dismissed as untimely filed;

3. This federal habeas action now proceeds only on petitioner's claim one for relief;

4. Petitioner's application for a certificate of appealability (Doc. No. 35) is denied without prejudice; and

5. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **September 7, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE